Filed 9/13/13  P. v. Kirby CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH DALE KIRBY III,<br><br>    Defendant and Appellant. | D062899<br><br><br><br>(Super. Ct. No. JCF26709) |

APPEAL from a judgment of the Superior Court of Imperial County, Donal B. Donnelly, Judge.  Affirmed as modified; remanded with directions.

Appellate Defenders, Patricia Mary Ihara for the Defendant and Appellant under appointment by the Court of Appeal.

Kenneth Dale Kirby III pleaded no contest to one count of assault with a firearm (Pen. Code, § 245, subd. (a)(2)) and admitted allegations that he personally used a firearm during the commission of the offense (Pen. Code, § 12022.5, subd. (a)).  The trial

court denied probation, awarded two days of actual custody credit, and sentenced Kirby to a six-year prison term consisting of a three-year midterm for the assault, and a consecutive three-year term for the firearm use enhancement. It ordered Kirby to pay various fees and fines. Kirby filed the present appeal. We affirm the judgment and remand with directions to amend the abstract of judgment as described below.

FACTUAL AND PROCEDURAL BACKGROUND

Kirby pleaded guilty and stipulated to use the preliminary hearing transcript as the factual basis for his plea. Therefore, we state the facts from that hearing, in which the sole witness was an investigator for the Imperial County Sheriff's Office.

On November 24, 2010, Kirby's aunt was outside William DaSilva's trailer speaking on the phone with her husband, who was in Afghanistan. DaSilva got into an argument with her and called her a "bitch."

The next day, Kirby and his cousin went to the trailer to look for DaSilva, and found him outside. Kirby was aggressive and confrontational, and told DaSilva not to "fuck with his aunt when she was on the phone to Afghanistan." The men engaged in an angry exchange, during which DaSilva got within inches of Kirby's face. When DaSilva told Kirby to mind his own business and get out, Kirby pulled out a handgun and pointed it at DaSilva's face, telling DaSilva he "was going to blow his fucking head off" and DaSilva should listen to him. When DaSilva's daughter tried to intervene, Kirby turned the gun to her and told her to mind her own business or he was going to blow her head off too. Police were eventually involved and Kirby admitted to an investigator that he went

2

to DaSilva's trailer with a gun for protection and pulled it out, but denied pointing it at DaSilva.

In May 2012, Kirby pleaded no contest as indicated above. During the plea hearing, the court addressed Kirby and his codefendant, asking if they both reviewed the change of plea form carefully with their lawyers and understood the advisement of rights, as well as the explanation of the consequences of his plea. Kirby responded that he had, and also advised the court in response to its questions that he understood he was giving up his right to remain silent; right to a jury trial; right to see, hear, and question any witnesses that would testify against him; and his right to present witnesses on his behalf. Kirby stated he had had enough time to speak with his lawyer about any defenses, about his rights, about the waivers he had entered into, and the potential consequences of his plea. He stated he was entering into the plea in order to take advantage of the plea bargain and to avoid the possibility of greater punishment if convicted after a jury trial. Kirby's counsel affirmed he spoke with Kirby about all of those matters, gave him a recommendation based on his legal opinion about the strengths and weaknesses of his case, and left the ultimate decision to him. Counsel explained Kirby was pleading no contest to a strike offense under California law that would limit his credits in future cases.

In sentencing Kirby, the court stated in part, "I should probably note for the record that the Court will consider those facts as defined by law set forth in the appropriate documents, which would include the probation officer's reports, reliable portions of statement in mitigation and aggravation, as well as associated documents that are deemed reliable, including the portions of the investigative report set forth as part of the

3

sentencing record." It found the primary factors in mitigation were Kirby's lack of any significant criminal record, and the fact there was no evidence that in the past he had engaged in violent conduct indicating a danger to society. It found in aggravation, however, that Kirby's crime involved a threat of great bodily harm or disclosed a high degree of callousness. The court sentenced Kirby as stated above, including by awarding two days of actual custody credits for Kirby's time in the Imperial County Jail on December 1, 2010, and April 22, 2011.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Under *Anders v. California* (1967) 386 U.S. 738, counsel identifies three possible appellate issues: (1) whether the trial court abused its discretion by finding an aggravating factor that supported imposition of the midterm on the assault charge but failing to mention the mitigating factor of Kirby's early admission of guilt; (2) whether Kirby's presentence credits were correctly calculated; and (3) whether Kirby was properly advised of his constitutional rights and consequences of pleading before entering into his no contest plea.

We granted Kirby permission to file a supplemental brief on his own behalf. He submitted a letter stating there was no evidence he pointed a gun at anyone; he was not notified about his assault charge; the incident occurred on November 24, 2010, not the previous day; and neither his own nor his cousin's statements were in the record or disclosed. Asserting this was his first offense, Kirby argues he was a registered gun

4

owner and did not terrorize anyone, but is a law-abiding citizen who has suffered an injustice.

Our review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by Kirby and his appellate counsel, has revealed no reasonably arguable appellate issue. Competent counsel has represented Kirby on this appeal.

The minutes and reporter's transcript of Kirby's sentencing hearing indicate that the trial court imposed an administrative fee of $100 for preparation of the probation officer's report pursuant to Imperial County Ordinance No. 2.84.040 and Penal Code section 1203.1b, subdivision (a). That fee, however, is not reflected in the abstract of judgment. The abstract of judgment shall be amended to accurately reflect the court's order.

DISPOSITION

We remand the matter for the trial court to amend the abstract of judgment to reflect imposition of an administrative fee of $100 for preparation of the probation officer's report pursuant to Imperial County Ordinance No. 2.84.040 and Penal Code section 1203.1b, subdivision (a).  The court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.

6